Kinkead, J.
The indictment charges defendant with perjury in swearing to the verification of a certain petition, filed in the case of Edna Fairbault, plaintiff, against the Columbus, Urbana & Western Railway Company, before a notary public.
Tt is charged that she falsely swore to the facts alleged in the petition filed in -that case. She alleged that she was the owner of two diamond rings of the value of $185, and that by *500 reason of the negligence of the defendant railway the rings were knocked from her fingers and the same were lost.
The indictment charges that the facts alleged are false in that the rings had been previously found and restored to her.
Judicial notice may be taken of common rules of practice, such as that all verification to pleadings of fact are made upon belief pursuant to statute.
Section 11331 provides that every pleading of fact must be verified by the affidavit of the party, and Section 11354 makes it sufficient if it is stated that the affiant believes the facts stated to be true. It is to be .assumed that the affidavit in this case was made upon belief in their truth.
The statute defining perjury provides that one who either orally or in writing, on oath' lawfully administered, willfully and corruptly states a falsehood as to a material matter in a proceeding before .a court, is guilty of perjury. Section 12842.
The charge of the indictment is that defendant in writing willfully and corruptly stated as a basis for recovery of money by action that defendant lost the rings, when as matter of fact they were not lost.
The gist of the crime is in willfully and corruptly stating a falsehood, on oath lawfully .administered.
Where it is apparent, as it is in this case, that the party charged must have known the truth or falsity of the facts stated, the form of the verification on belief becomes immaterial in deciding upon the' responsibility for making a false .affidavit.
The purpose of Section 11354 was to enable a party who may learn of facts material to his cause, upon information obtained in such manner as to cause a belief in their truth, to state them in his pleading.
To state facts thus obtained in good faith, honestly believing in their truth upon apparently reliable sources, can not be willfully and corruptly stating them.
If it appears — as it does in this case — whether a person actually lost property — that he or she must know whether the same was lost or not — it becomes quite immaterial whether the pleading is made in the customary form of belief in their truth.
*501 Section 11359 providing that a pleading, verified as provided by statute, shall not be used against a party in a criminal prosecution as proof of a fact admitted or alleged in the pleading does not militate against the indictment. Nor may it be material on trial, as the state may prove the facts in some other way than by the pleading.
The facts of making the affidavit to the pleading may be proven by evidence independently of the petition, so may all the other facts be shown.
The demurrer to the indictment is overruled.